# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN GOLDEN, JR.,** § | | **PLAINTIFF** |
| *as parent and next of friend to A.G., a* § | | |
| *minor* § | | |
| § | | |
| § | | |
| v. § | Civil No. 1:21cv378-HSO-RHWR | |
| § | | |
| § | | |
| **FAMILY DOLLAR STORES OF** § | | |
| **MISSISSIPPI, INC.** § | | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF JOHN GOLDEN, JR.'S MOTION [9] TO REMAND

Before the Court is the Motion [9] to Remand filed by Plaintiff John Golden, Jr., as parent and next of friend to A.G., a minor. Having considered the Motion [9], the record, and relevant legal authority, the Court is of the opinion that the Motion [9] to Remand should be denied.

### I. BACKGROUND

Plaintiff John Golden, as parent and next of friend to A.G., a minor ("Plaintiff" or "Golden"), alleges that on September 14, 2020, his minor child, A.G., was shopping at a store owned and operated by Defendant Family Dollar Stores of Mississippi, Inc. ("Defendant" or "Family Dollar"). Compl. [1-1] at 2. Plaintiff claims that A.G. slipped and fell due to water leaking onto the floor from the store's air conditioning system. *Id.* The Complaint [1-1] asserts that A.G. suffered serious injuries, including a "a closed head injury and strain/sprain injuries to her neck and back. MRIs of her neck and back following the fall indicated edema and disc bulging

at multiple levels." *Id.* In addition, Plaintiff alleges that A.G. suffered "severe pain, emotional distress, and mental anguish related to the injuries she sustained," and "in the future, may incur medical expenses, mental anguish, emotional distress, and pain and suffering from the injuries suffered." Compl. [1-1] a 4. According to the Complaint [1-1], past medical expenses incurred total $32,986.31. *Id.* at 3. Plaintiff asserts claims for negligence and gross negligence and seeks compensatory and punitive damages. *Id.* at 4.

Family Dollar removed the case to this Court on November 23, 2021, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Not. of Rem. [1] at 1-2. On November 29, 2021, Plaintiff filed a Motion [9] to Remand, arguing that it is not facially apparent from the Complaint [1-1] that the amount in controversy exceeds $75,000.00. Mem. [10] at 3. Defendant responded that past medical expenses of over $32,000.00, combined with the claimed non-economic damages for severe pain and suffering and mental anguish, plus punitive damages, exceed the jurisdictional threshold. Resp. [11] at 2-3. There is no dispute that the parties are of diverse citizenship. Not. of Removal [1] at 2; Mem. [10] at 2; Resp. [11] at 1.

## II. DISCUSSION

A. Removal standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  Diversity jurisdiction

The record reflects, and the parties agree, that complete diversity of citizenship exists. Mem. [10] at 2; Resp. [11] at 1. At issue is whether the requisite amount in controversy is satisfied. According to § 1446(c)(2),

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Where a plaintiff's complaint does not allege a specific amount of damages, the removing party must establish that the amount in controversy exceeds $75,000.00. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). This burden is met if it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at *1 (N.D. Miss. Oct. 25, 2001) (citing *Allen*, 63 F.3d at 1336). "In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id.* If it is not facially apparent that the amount in controversy exceeds $75,000.00, a court may turn to "summary judgment-type" evidence to aid in its inquiry. *Hartford Ins. Group v. Lou–Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam).

Plaintiff's Complaint [1-1] mentions that A.G. "in the future, may incur medical expenses, mental anguish, emotional distress, and pain and suffering from the injuries suffered in the incident." Compl. [1-1] at 4. She has already incurred more than $32,000.00 in medical expenses, and combined with the additional future

4

medical expenses and pain and suffering damages, it is facially apparent that the jurisdictional threshold is met. *See Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 391 n.14 (5th Cir.2000) (finding that a claim for damages that generally relied on future medical expenses was sufficient to establish the amount in controversy); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (finding the jurisdictional threshold met when including pain and suffering with medical bills only totaling $40,000.00).

Furthermore, Plaintiff seeks both compensatory and punitive damages. Compl. [1-1] at 4. Punitive damages are included in the calculation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Courts have frequently held that claims for an unspecified amount of punitive damages can exceed the amount necessary for federal jurisdiction. *See Brasell*, 2001 WL 1530342 at *2 (collecting cases). Considering Golden's claim for both compensatory and punitive damages, it is facially apparent that the amount in controversy in this action is greater than $75,000.00. *See Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993) (injuries totaling $27,472.60 met the jurisdictional amount because of the plaintiff's request for punitive damages).

Based on the foregoing, the Court finds that the amount in controversy requirement is satisfied. Federal diversity jurisdiction is present and therefore Plaintiff's Motion [9] to Remand should be denied.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [9] to Remand filed by Plaintiff John Golden, Jr., as parent and next of friend to A.G., a minor, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE